**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CITY OF COLUMBUS, MISSISSIPPI**                                                **PLAINTIFF**

**V.**                                                              **CAUSE NO.: 1:08CV253-SA-JAD**

**PRO-FIRE EQUIPMENT, INC., and
PIERCE MANUFACTURING, INC.**                                             **DEFENDANTS**

### MEMORANDUM OPINION

This cause comes before the Court on the motion of the Plaintiff to remand this case to the Circuit Court of Lowndes County [8]. Defendants have responded in opposition to the motion, and the Court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion should be denied.

*Factual and Procedural Background*

Plaintiff filed a complaint in the Lowndes County Circuit Court against Pro-Fire Equipment, Inc., ("Pro-Fire") and Pierce Manufacturing, Inc. ("Pierce"). The City of Columbus solicited bids on a new fire truck for the City in January and February of 2007. Pierce submitted the lowest bid. Columbus accepted that bid and remitted payment in October of 2007.

Pro-Fire delivered the truck on October 22, 2007, and the City contends that since that date, the fire truck has failed to function properly as a result of faulty design or manufacture. Specifically, Columbus asserts that during the driver training, the new fire truck bucked at speeds between fifteen and twenty-five miles per hour. The problem was reported to Pro-Fire who suggested making adjustments to the tire pressure. Columbus claims that the problem was not resolved after adjustments were made to the tires. On the suggestion of Pro-Fire, Columbus contends the fire truck was sent to Memphis, Tennessee, for inspection.

In June of 2008, Pro-Fire allegedly informed the City that the fire truck was going to be shipped back to Pierce's plant in Appleton, Wisconsin, after efforts at its repair were unsuccessful. When the truck was not returned within the month, the City contends the Fire Chief called and revoked acceptance of the fire truck. A followup letter revoking acceptance was sent on July 30, 2008. The City asserts that the Defendants have failed to refund any money, pay damages, or accept the rejected truck.

The City maintains that prior to the purchase of the fire engine and at the time of purchase, Defendants represented to Columbus that the truck met the specifications and performance requirements of the industry and were fit for the intended purpose. Moreover, the City claims that after the purchase, Defendants represented that they would provide any and all support and assistance necessary to ensure that the truck functioned properly for its intended purpose.

Pierce removed this cause of action to the Northern District of Mississippi on October 22, 2008, alleging that this Court has diversity jurisdiction because the Plaintiff improperly joined Pro-Fire. Pierce alleges Plaintiff cannot establish a cause of action against the in-state defendant because as an agent for Pierce, they cannot incur liability for breach of duty or contract committed by the principal.

Plaintiff filed this Motion to Remand [8] asserting that the Defendants failed to meet their burden of proof under <u>Smallwood v. Illinois Central Railroad Company</u>, 342 F.3d 400 (5th Cir. 2003), for improper joinder.

*Improper Joinder Standard*[1]

The federal courts have not been unaffected by persons seeking to avoid federal jurisdiction by fraudulently joining non-diverse defendants. The doctrine of improper joinder provides a narrow exception to the rule of complete diversity. McDonal, 408 F.3d at 183. A removing party may show improper joinder of a non-diverse defendant, allowing dismissal of that party and the exercise of federal subject matter jurisdiction pursuant to Title 28 U.S.C. § 1332(a) in either one or two instances: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood, 385 F.3d at 573 (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).

The Defendants do not dispute that Pro-Fire is a Mississippi corporation. See Smith v. Petsmart, Inc., 278 Fed. Appx. 377, 379 (5th Cir. 2008) (analyzing claims of plaintiff under second prong as no allegation that plaintiff fraudulently represented defendants' residence was asserted). Therefore, under the second method,

> [t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical.

Travis, 326 F.3d at 648 (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313

---

[1] The Fifth Circuit has adopted the term "improper joinder," rather than "fraudulent joinder," and has stated that while there is no substantive difference between the two terms, the phraseology "improper joinder" is preferred. McDonal v. Abbott Laboratories, 408 F.3d 177, 180 (5th Cir. 2005).

F.3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).[2]

The district court may analyze the issue of recovery against the non-diverse defendant in one of two ways. First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. In cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id. In this inquiry, the court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." Travis, 326 F.3d at 648-49. All disputed issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor. Id. at 649.

*Discussion and Analysis*

Plaintiff's Complaint alleges that Pro-Fire breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. Moreover, the City of Columbus asserts that Pro-Fire had a duty to be knowledgeable about the product it sold, either knew or should have known of the defects in the Pierce design, and failed to know or failed to inform the Plaintiff of the defective design. The City requests $299,983, prejudgment interest, post-judgment interest, attorneys' fees and costs, and incidental and consequential damages which flow from the breaches by the Defendants.

---

[2]Prior to Smallwood, Fifth Circuit opinions stated what seemed to be differing standards for this inquiry. In Smallwood, however, an en banc panel of the Fifth Circuit recognized the Travis formulation as the proper one. See Smallwood, 385 F.3d at 573.

4

In the Notice of Removal [1] and the response to Plaintiff's motion, Defendants assert that Columbus has no likelihood of prevailing against Pro-Fire. Particularly, Pro-Fire argues there is no individual liability because it was merely an agent of a disclosed principal for all events complained of in this litigation. The City does not dispute that Pro-Fire was acting as Pierce's agent; however, the City asserts that Pro-Fire is independently liable to the City for damages. Specifically, the City alleges that Pro-Fire was negligent in its dealings with the City and the fire truck. Moreover, Columbus contends that Pro-Fire impeded, delayed, and/or prevented the City from obtaining a defect-free truck.

Under Mississippi law, an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment, and a tort claim can be maintained against that agent. Hart v. Bayer Corp., 199 F.3d 239, 247 (5th Cir. 2000). The agent is subject to personal liability when he "directly participates in or authorizes the commission of a tort." Hart, 199 F.3d at 247 (quoting Miss. Printing Co., Inc. v. Maris, West & Baker, Inc., 492 So. 2d 977, 978 (Miss. 1986)); see also Conyers v. Life Ins. Co., 269 F. Supp. 2d 735, 737 (N.D. Miss. 2003); Reed v. Am. Gen. Life & Accident Ins. Co., 192 F. Supp. 2d 641, 645 (N.D. Miss. 2002).

As previously stated, the Plaintiff has alleged that the Defendant Pro-Fire, as an agent of Pierce, directly participated in the commission of at least one tort while within the scope of their agency relationship. Specifically, Plaintiff asserts that Pro-Fire assisted in the development of the specifications of the truck and took possession of the truck on numerous occasions after defects were discovered by the City and reported to Pro-Fire. Further, the City alleges that Pro-Fire represented to the City on several occasions that the defects were corrected, though the defects were not corrected and the truck continued to malfunction.

The City of Columbus has alleged independent tort liability against Pro-Fire. Based on the record and with all factual inferences resolved in the Plaintiff's favor, the City has sufficiently asserted that Pro-Fire may have been negligent in its dealings with the City and in its performance of maintenance and repairs on the fire truck. Therefore, Pro-Fire may be independently liable for their actions.

This Court is mindful that the removal statutes are to be construed "strictly against removal and for remand." Therefore, this action must be remanded to the Lowndes County Circuit Court.

SO ORDERED, this the  21st  day of September, 2009.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**